**FILED**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JUN 3 0 2008

**Clerk, U.S. District and Bankruptcy Courts**

| | |
|---|---|
| FRATERNAL ORDER OF POLICE LIBRARY OF CONGRESS LABOR COMMITTEE, on its own behalf and that of its members, 711 4th Street, NW Washington, DC 20001 | : |

FRATERNAL ORDER OF POLICE
LIBRARY OF CONGRESS LABOR
COMMITTEE, on its own behalf and        :
that of its members,
711 4th Street, NW                          :
Washington, DC 20001

                                 :

        Plaintiffs,

                                 :

    v.

                                 :

THE LIBRARY OF CONGRESS,
101 Independence Ave, SE                 :
Washington, DC 20540

                                 :

        Serve: JAMES H. BILLINGTON
                Librarian of Congress            :
                101 Independence Ave, SE
                Washington, DC 20540

        and                                              :

JAMES H. BILLINGTON, in his               :
capacity as the Librarian of Congress,
101 Independence Ave, SE                     :
Washington, DC 20540

        and                                              :

UNITED STATES CAPITOL POLICE,
119 D Street, NE                                  :
Washington, DC 20510

        Serve: PHILLIP D. MORSE
                Chief of the United              :
                States Capitol Police
                119 D Street, NE                 :
                Washington, DC 20510

        and                                              :

UNITED STATES CAPITOL
POLICE BOARD,                                     :
The Capitol
Washington, DC 20515                           :

Case No:

Case: 1:08-cv-01139
Assigned To : Kennedy, Henry H.
Assign. Date : 6/30/2008
Description: Employ. Discrim.

```
Serve:  WILSON LIVINGOOD          :
        Sergeant at Arms
        United States House       :
        of Representatives
        The Capitol, Room H-124   :
        Washington, DC 20515
                                  :

Also Serve:  MICHAEL B. MUKASEY,
        in his official capacity as the  :
        U.S. Attorney General,
        U.S. Department of Justice :
        950 Pennsylvania Ave, NW
        Washington, DC 20530      :

        Defendants.               :
```

## COMPLAINT FOR DECLARATORY AND INJUCTIVE RELIEF

Comes now the Fraternal Order of Police Library of Congress Labor Committee, on its

own behalf and that of its members, through their attorneys, HANNON LAW GROUP, LLP, and

for their Complaint against Defendants, states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201,

which permits the Court, in a case of actual controversy within its jurisdiction, to declare the

rights of any interested party seeking such declaration.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1331.

## PARTIES

3.      Plaintiff Fraternal Order of Police Library of Congress Labor Committee

("FOP/LOC") is the bargaining unit for the Library of Congress Police ("LoC Police"). The

membership of the officer rank of the LoC Police is 87% African-American and the membership

of the supervisory rank is 53% African-American.

4.      The membership of the LoC Police is 75% over the age of 40.

2

5.     Defendant James H. Billington is the 13th and current Librarian of Congress. Defendant Library of Congress is an agency of the legislative branch of the United States Government. The Office of the Librarian is tasked to set policy and direct programs to accomplish the Library's mission.

6.     Defendant United States Capitol Police Board ("Capitol Police Board"), is comprised of Stephen T. Ayers, Architect of the Capitol; Terrance W. Gainer, Sergeant at Arms of the Senate; and Wilson Livingood, House Sergeant at Arms. Collectively these officials exercise authority over Defendant United States Capitol Police ("Capitol Police"). The Capitol Police are employees of the legislative branch of the United States Government. Upon information and belief, the Capitol Police force is 29% African-American and its supervisory rank is 16% African-American. Its command staff is predominantly non-African American.

7.     As a direct and proximate cause of the acts complained of in this Complaint, the members of the LoC Police have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical. Second, there is a causal connection between the injury and the conduct complained of. Third, the injury will be redressed by a favorable decision on this Complaint.

8.     The members of the FOP/LOC have standing to bring this action in their own right; the interests that the FOP/LOC seeks to protect by this Complaint are germane to the organization's purpose; and, neither the claim asserted nor the relief requested requires the participation of the individual members of the FOP/LOC.

## FACTUAL ALLEGATIONS

9.     Defendants Billington and Library have a documented history of discrimination against employees based on race. <u>Nix v. James H. Billington</u>, 448 F.3d 411 (D.C. Cir. 2006);

<u>Cook v. James H. Billington</u>, 1992 U.S. Dist. LEXIS 12519 (D.D.C., August 14, 1992)(N. Johnson, J.). Congress is well aware of this history.

10.    Defendants Capitol Police Board and Capitol Police have a documented history of discrimination against employees based on race. <u>Johnson v. United States Capitol Police Bd.</u>, 2005 U.S. Dist. LEXIS 13811 (D.D.C. July 5, 2005); <u>Blackmon-Malloy v. United States Capitol Police Bd.</u>, 2007 U.S. Dist. LEXIS 35135 (D.D.C. May 15, 2007). Congress is well aware of this history.

11.    Defendants have promoted legislation to subsume the LoC Police into the Capitol Police. As a result, Congress has enacted H.R. 3690, the "U.S. Capitol Police and Library of Congress Police Merger Implementation Act of 2007," Pub. L. No. 110-178, 121 Stat. 2546 ("the Act"). The Act contains the following components which were promulgated at the request of the Defendants:

   a.    The Act mandates early retirement for LoC Police Officers.

   b.    The Act provides unreviewable discretion to the Chief of the Capitol Police to determine whether LoC Police Officers "qualify" to transfer as Capitol Police Officers.

   c.    The Act requires the Chief to select eligible LoC Police Officers from only those who will be entitled to an annuity before the age of sixty (60).

   d.    The Act provides that LoC Police Officers found not eligible for transfer will be moved to civilian positions with the Capitol Police.

   e.    The Act provides unreviewable discretion to the Chief of the Capitol Police to determine the duties of those LoC Police Officers transferred into civilian positions with the Capitol Police.

12.    The Act has the following discriminatory intent and effect on the LoC Police:

   a.    LoC Police are denied the opportunity to work beyond their current eligible retirement age. Members of the LoC Police force were recruited and enrolled with the expectation that they could continue to serve so long as they meet LoC law enforcement criteria. This was a major inducement permitting LoC to recruit experienced and committed officers to its ranks.

b.  Senior Officers with the LoC will not transfer as Officers to the Capitol Police.

c.  LoC Police found not eligible for transfer to Officer positions with the Capitol Police will not be able to retire as federal law enforcement officers. Retirement as law enforcement officers would enable these LoC Police Officers to continue to carry a firearm under "The Law Enforcement Officers Safety Act of 2004." This opportunity provides three important benefits:

(1)  retired law enforcement officers are highly employable in the private sector;

(2)  retired law enforcement officers need to protect themselves and their families from persons they encountered when employed in law enforcement; and,

(3)  armed, retired law enforcement officers provide increased capacity for the nation to respond to acts of terrorism.

d.  Affording the Chief of the Capitol Police unreviewable discretion to determine whether a LoC Police Officer is eligible to transfer as a Capitol Police Officer is arbitrary and capricious. The Capitol Police has already been accused of discrimination against African American Capitol Police Officers in a pending federal lawsuit, and the vast majority of LoC Police Officers are African-Americans.

13.    Defendants have actively supported the Act and are the principal architects of the provisions which have a discriminatory intent and effect based on race and age.

14.    On March 30, 2000, the Congressional Research Service submitted a report to the Senate Subcommittee on Legislative Branch examining administrative issues relating to the proposed merger. This report noted that the LoC Police have no mandatory retirement; whereas, the Capitol Police must retire at age 57. The report stated that continuity for older LoC Officers transferred to the Capitol Police would require resolution.

15.    On July 5, 2002, the Government Accountability Office issued a review of the potential merger of the LoC Police with the Capitol Police to the members of the Capitol Police Board and the Senate Subcommittee on Legislative Branch. The review pointed out that twenty-five (25) LoC Officers would exceed the Capitol Police's age limit and that Congress would

need to "decide how to address differences among retirement plans." Defendants and Congress knew that the majority of these twenty-five (25) Officers are African-American and over the age of forty (40).

16.    In furtherance of their promotion of the Act, on June 18, 2007, Defendants proposed a draft of the Act that would impose mandatory retirement on transferring LoC Police. Defendants also recommended prohibiting LoC Police who are unable to accrue twenty (20) years of service before reaching the age of sixty (60), from transferring to Officer positions with the Capitol Police. Defendants knew that under these proposals, twenty-three (23) LoC Police will be denied Officer positions with the Capitol Police. Defendants and Congress knew that the majority of these twenty-three (23) Officers are African-American and over the age of forty (40).

17.    LoC Police may work to any age so long as they satisfy physical requirements. LoC Police receive their training at the Federal Law Enforcement Training Center, the same training as the Capitol Police. Many LoC Police have more training and law enforcement experience than the Capitol Police.

18.    On June 27, 2007, before the Congressional Committee on House Administration, Jo Ann Jenkins, Chief Operating Officer of the Library of Congress, testified that the primary concern of the Librarian was to ensure that no member of the LoC Police be harmed by the merger. Jenkins further testified that the Library believes H.R. 3690 satisfied this concern. However, Jenkins knew full well that the proposed Act discriminated against LoC Police based on race and age.

19.    On June 27, 2007, before the Congressional Committee on House Administration, Phillip Morse, Chief of the Capitol Police, testified that "the transfer of the employees will not have an adverse impact on their retirement." However, he too knew the Act discriminated against LoC Police based on race and age.

20.    On September 7, 2007, Defendant Billington, in a letter to Congressmen Robert

A. Brady and Vernon J. Ehlers of the Congressional Committee on House Administration,

expressed his support for the bill and asked that it be enacted into law.  He too knew that the

proposed Act discriminated against LoC Police based on race and age.

21.    Since Defendants first contemplated subsuming the LoC Police into the Capitol

Police, the Library has denied all opportunity for promotion to members of the LoC Police.  The

intent and effect of this policy is to preclude those LoC Police accepted into the ranks of Capitol

Police from enjoying the full benefits of the rank they would have attained had no merger been

enacted.  Defendants' actions were intended to and had the effect of discriminating against LoC

Police based on race and age.

22.    Plaintiffs requested that Defendants Library and Capitol Police provide specific

details and documents setting forth the following information regarding the Transfer

Requirements under "The U.S. Capitol Police and Library of Congress Police Merger

implementation Act of 2007":

    a.  The form of written certification to be utilized by the Chief of the Capitol
        Police to evidence that a LoC Police Officer meets the requirements for
        transfer to the Capitol Police as an Officer.

    b.  The identities of those LoC Police Officers who would not be eligible to
        transfer as officers because of age.

    c.  The Training Program to be utilized for Library of Congress Police
        employees, including all test protocol and standards of performance.

    d.  All criteria to be utilized by the Chief of the Capitol Police to determine the
        qualifications required for LoC Police employees to become members of the
        Capitol Police.

    e.  A job description for all civilian positions for which a non-qualifying Library
        of Congress Police Employee is subject to be assigned.

Plaintiffs sought this information to protect its members from arbitrary and capricious and

discriminatory treatment by Defendants in implementing the transfer.  On June 3, 2008,

Defendant Capitol Police responded that it would be inappropriate to provide the information because the Capitol Police do not have a contractual relationship with the FOP/LOC and recommended contacting Library officials.  On June 11, 2008, Defendant Library claimed to have "no control over the transfer, nor over how the Capitol Police manages its workforce."

23.    Plaintiffs have requested impact bargaining regarding the changes in the terms and conditions of employment caused by the Act.  Defendant Library has refused to participate in impact bargaining in violation of the Federal Service Labor-Management Act and the Collective Bargaining Agreement between the parties.  Defendant Library maintains that it cannot negotiate over terms and conditions of employment with the Capitol Police.

24.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(a), et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633a(a) ("ADEA") provide Library employees with the right to have all personnel decisions respecting them free from any discrimination based on race or age.  An employment practice that causes a disparate impact on the basis of race is unlawful unless job related and consistent with business necessity. 42 U.S.C. § 2000e-2(k)(1).

25.    The Congressional Accountability Act of 1995, 2 U.S.C. §§ 1301, et seq. ("CAA"), provides applicants to legislative branch positions with the protections afforded to other federal employees under Title VII, and the ADEA.  As applicants for positions with the Capitol Police, Plaintiffs are entitled to have all personnel decisions respecting them free from any discrimination based on race or age.

26.    The Due Process Clause of the Fifth Amendment, U.S. Const. Amend. V, includes an implicit requirement for equal protection, prohibiting the federal government from denying any person within its jurisdiction the equal protection of its laws.  Bolling v. Sharpe, 347 U.S. 497 (1954).

27.    The mandatory retirement provisions in the Civil Service Retirement Act, 5 U.S.C. § 8335(b) ("CSRA"), and Federal Employee Retirement Act, 5 U.S.C. § 8425(b) ("FERA"), that impose mandatory retirement on federal law enforcement officers, have never applied to LoC Police. Congress and the Library evidently believe that aging LoC Officers who continue to satisfy physical requirements are perfectly capable of protecting Library property and the lives of employees and visitors.

28.    When Congress first imposed a mandatory retirement age on the Capitol Police through the Capitol Police Retirement Act, 5 U.S.C. § 8331 et seq. ("CPRA"), Congress recognized the impropriety of imposing this new mandatory retirement on current Officers of the force, and granted a two-year grace period for mandatory retirement. In 2000, when Congress subsumed the United States Supreme Court Police ("SC Police") into the Capitol Police, subjecting them to the same mandatory retirement provisions, a similar two-year grace period was passed shortly afterwards. Two years later, Congress enacted the Homeland Security Act of 2002 ("HSA"), consolidating numerous executive organizations into the Department of Homeland Security ("DHS"), and subjecting DHS law enforcement employees to a mandatory retirement age. Congress once again recognized the impropriety of imposing a mandatory retirement age on current employees and exempted thousands of police employees transferred under the HSA from any mandatory retirement obligations. In the Office of Personnel Management's ("OPM") 2003 report on the retirement implications of merging the LoC Police and Capitol Police, OPM acknowledged that typically, when Congress extends legislation to a new group, "affected employees are not subject to mandatory separation for a certain period following enactment." Most recently, in the Department of Homeland Security Appropriations Act, 2008, Pub. L. No. 110-161, 121 Stat. 1824, Congress has chosen to relieve over 18,000 Customs and Border Patrol Officers ("CBP Officers") subsumed into the DHS of any mandatory

retirement obligations that apply to other DHS law enforcement employees. This history of accommodating non-African-American police forces leaves no escape from the conclusion that Congress' decision to deny similar accommodations to the LoC Police force was done for one reason, and one reason only: the LoC Police are predominately African-American.

29.    Granting the Chief of the Capitol Police unreviewable discretion to decide which LoC Police Officers are eligible for transfer to Officer positions with the Capitol Police is arbitrary and capricious in violation of the Due Process Clause of the Fifth Amendment , U.S. Const. amend. V, and denies Plaintiffs the protection of having all personnel decisions respecting them free from any discrimination based on race and age, as guaranteed by the CAA and Title VII.

## COUNT ONE – DECLARATORY JUDGMENT

30.    Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs 1 through 29.

31.    Plaintiffs seek a declaration that the Act is unconstitutional on its face and as applied, pursuant to 28 U.S.C. § 2201.

32.    The Act has a discriminatory intent and effect based on race and age prohibited by the Due Process Clause of the 5th Amendment. Because the Act is intended to and does in fact discriminate on the basis of race, it is subject to strict scrutiny, a standard which it cannot survive. In addition, because the discriminatory intent and effect are inextricably linked to the age of African-American officers, strict scrutiny should apply to the discrimination on the basis of age as well.

33.    Furthermore, there is no rational basis for imposing a mandatory retirement age on LoC Officers. It is clear that Congress no longer sees age as an obstacle to a person's ability to work in federal law enforcement; therefore, any contention by Defendants and Congress that a

mandatory retirement age is necessary is clearly pretextual. The intentional and effectual discrimination based on age is a violation of due process.

## COUNT TWO – INJUNCTIVE RELIEF

34.    Plaintiffs reallege and incorporate herein by reference the foregoing paragraphs 1 through 33.

35.    The actions of Defendants as alleged herein are causing and will cause irreparable harm to Plaintiffs.

36.    Plaintiffs ask the Court to enter a permanent order precluding Defendants from implementing any provisions of the Act because of their discriminatory intent and effect on Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

Declare the Act unconstitutional on its face and as applied;

Grant a permanent injunction preventing Defendants from implementing any provisions of the Act that would have a discriminatory impact on Plaintiffs.

Dated June 30, 2008                    Respectfully submitted,

                                       HANNON LAW GROUP, LLP


                                       J. Michael Hannon, #352526
                                       1901 18th Street, NW
                                       Washington, DC 20009
                                       (202) 232-1907
                                       Fax: (202) 232-3704
                                       jhannon@hannonlawgroup.com

                                       *Attorneys for Plaintiffs FOP/LOC, on its own behalf and that of its members*

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS**

Fraternal Order of Police Library of Congress Labor
Committee, on it own behalf and that of its members

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**    11001
**(EXCEPT IN U.S. PLAINTIFF CASES)**    11001

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

J. Michael Hannon, Esq.
Hannon Law Group, LLP
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907

**DEFENDANTS**

The Library of Congress, James H. Billington, United States
Capitol Police, and United States Capitol Police Board

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:08-cv-01139
Assigned To : Kennedy, Henry H.
Assign. Date : 6/30/2008
Description: Employ. Discrim.

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
Plaintiff

● 3 Federal Question
(U.S. Government Not a Party)

⊗ 2 U.S. Government
Defendant

○ 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**○ B. Personal Injury/
Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency
Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**○ D. Temporary Restraining
Order/Preliminary
Injunction**

Any nature of suit from any category may
be selected for this category of case
assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or
defendant
☐ 871 IRS-Third Party 26
USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure
of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational
Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC
Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced &
Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/
Exchange
☐ 875 Customer Challenge 12 USC
3410
☐ 900 Appeal of fee determination
under equal access to Justice
☐ 950 Constitutionality of State
Statutes
☐ 890 Other Statutory Actions (if
not administrative agency
review or Privacy Act

| O **G. Habeas Corpus/ 2255** | ⊙ **H. Employment Discrimination** | O **I. FOIA/PRIVACY ACT** | O **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O **K. Labor/ERISA (non-employment)** | O **L. Other Civil Rights (non-employment)** | O **M. Contract** | O **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ **1** Original Proceeding  ○ **2** Removed from State Court  ○ **3** Remanded from Appellate Court  ○ **4** Reinstated or Reopened  ○ **5** Transferred from another district (specify)  ○ **6** Multi district Litigation  ○ **7** Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

Seeking declaratory judgment and injunctive relief under 28 U.S.C. § 1331 and 28 U.S.C. § 2201 that H.R. 3690 is unconstitutional and discriminatory.

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ [          ]    Check YES only if demanded in complaint    JURY DEMAND:    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE June 30, 2008    SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.